IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LORRAINE GAYLE WORLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 20-cv-2285-SAC-TJJ |
| | ) |
| **LOWE'S HOME CENTERS, LLC,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATIONS

## NOTICE

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), may file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

## Nature of the Matter Before the Court

Defendant 3i Corporation, Ltd. has filed a Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 27), asserting Plaintiff has alleged no facts that 3i Corporation, Ltd. has engaged in any suit-related conduct in Kansas, thereby precluding this court from exercising personal jurisdiction over 3i Corporation, Ltd. Plaintiff asks the court to stay a ruling on the motion to dismiss to allow Plaintiff to conduct discovery on the issue to determine whether 3i

Corporation, Ltd. is a proper party. District Judge Sam A. Crow has referred the motion to the undersigned for a Report and Recommendation.

**Background**

Plaintiff brings this product liability action asserting she suffered personal injuries in June 2019 when an Allen + Roth Safford Bar Model Chair in which she was sitting snapped sideways to the right, causing Plaintiff to fall and violently strike the side of the house and the floor of the deck. Plaintiff alleges that on January 31, 2017, the United States Consumer Product Safety Commission issued a recall notice for the chair, warning of the same issue Plaintiff encountered. The notice advised that consumers immediately stop using the recalled chairs, but Plaintiff alleges she did not receive notice of the recall.

Plaintiff has named eight Defendants in this action. Four are various Lowe's entities (Lowe's Home Centers, LLC; Lowe's Home Centers, Inc.; Lowe's Companies, Inc; and LG Sourcing, Inc.), and four are 3i Corporation entities (3i Corporation in Hong Kong; 3i US Corporation in South Carolina; 3i Corporation, Ltd. in Hong Kong; and 3i Corporation Limited in Hong Kong).[1] Plaintiff purchased the chair in question at a Lowe's store, and she alleges the chair was manufactured, designed, and placed into the stream of commerce by the 3i Defendants. After filing the complaint, Plaintiff's counsel contacted the Lowe's Defendants' counsel to inquire which of the three Hong Kong entities would be the correct one to serve, noting the high cost of service through the Hague Convention.[2] While denying knowledge of each of the 3i entities and any relationship they may have to the allegations in the complaint,

---

[1] First Amended Complaint (ECF No. 21).

[2] *See* email correspondence (ECF No. 35-1 at 3). Plaintiff did not serve the original complaint on the 3i Defendants.

Lowe's counsel was able to say the agreement under which the chairs were purchased "was with 3i Corporation Ltd."[3] Lowe's counsel also provided the company's Hong Kong address as listed on the agreement.[4] After receiving information from Lowe's counsel, Plaintiff amended her complaint and served it on 3i Corporation, Ltd.[5] On April 1, 2021, counsel entered their appearances for 3i Corporation, Ltd.[6] This motion followed.

**<u>Legal Standards</u>**

"The standard that governs a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is well established: The plaintiff bears the burden of establishing personal jurisdiction over the defendant. The extent of the burden depends on the stage at which the court considers the jurisdictional issue. When personal jurisdiction is decided at a preliminary stage by reference to only the complaint and affidavits, the plaintiff need only make a prima facie showing of personal jurisdiction."[7] A plaintiff may make such showing "by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."[8]

---

[3] *Id*.

[4] *Id*. at 2.

[5] *See* ECF No. 35-2.

[6] *See* ECF Nos. 23 and 24.

[7] *Vestring v. Halla*, 920 F. Supp. 2d 1189, 1193 (D. Kan. 2013) (quoting *Edison Trust Number One v. Pattillo,* No. 10–1159, 2010 WL 5093831, at *1 (D. Kan. Dec. 8, 2010)).

[8] *TH Agric. & Nutrition, L.L.C. v. Ace European Grp. Ltd.,* 488 F.3d 1282, 1286 (10th Cir.2007).

Defendant recites hornbook law concerning a court's duty to examine the forum state's long-arm statute and analyze the due process requirements when ruling on a motion challenging the court's personal jurisdiction over a party. Plaintiff does not dispute the standard. Instead, Plaintiff asks the presiding District Court judge to stay any ruling on the motion to dismiss until such time as initial disclosures are exchanged and Plaintiff has conducted limited discovery to address 3i Corporation, Ltd.'s allegations in support of its motion or agrees it should not be a Defendant.

"When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."[9] The district court has broad discretion to control discovery in the face of such motion,[10] and must ensure no party is prejudiced by being precluded from conducting discovery. "Prejudice is present where the pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary."[11]

## Analysis

Defendant offers the affidavit of Austin Chen, director of 3i Corporation, Ltd., as the sole factual basis of its motion.[12] In his affidavit, Mr. Chen describes the company as "an

---

[9] *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975).

[10] *See Grynberg v. Ivanhoe Energy, Inc.*, No. 10-1361, 2012 WL 2855777, at *13 (10th Cir. July 12, 2012) ("As with the court's handling of discovery in other stages of litigation, in the context of a motion to dismiss for lack of jurisdiction, we give the district court much room to shape discovery.") (internal quotations and modifications omitted).

[11] *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002).

[12] ECF No. 28-1.

administrative office"[13] whose business is "coordinating sales between the manufacturer of goods and the buyer of those manufactured goods."[14] Specifically, the company is "a communication services liaison between the manufacturer of the . . . chair and the buyer of that product, Lowes Global Sourcing."[15] 3i Corporation, Ltd. does not own or take physical possession of any goods, including the chair in question,[16] and it "has no role in and no knowledge of where the goods are distributed once passed to the buyer when they leave the Chinese port."[17] Mr. Chen denies that 3i Corporation, Ltd. sells products in, has employees in, owns or rents real estate or any other assets in, is registered to do business in, or has taken any action specifically directed at the State of Kansas.[18]

According to the affidavit, 3i Corporation, Ltd. was neither the seller nor the buyer of the chair in question, yet it offers that when "the goods for which 3i Corporation facilitates sales are exported from China," the seller "passes all risk and liability regarding the goods to the buyer when the goods are loaded at port."[19]

Plaintiff's counsel has submitted email correspondence with Lowe's counsel in which the latter identifies 3i Corporation, Ltd. as the company from whom Lowe's purchased the

---

[13] *Id.* ¶5.

[14] *Id.* ¶2.

[15] *Id.* ¶6.

[16] *Id.* ¶7.

[17] *Id.* ¶10.

[18] *Id.* ¶¶11-15.

[19] *Id.* ¶¶8, 9. According to the affidavit, this transfer of liability results from the goods being designated "FOB China." But the affiant offers no basis for the legal conclusion regarding transfer of liability.

chair, with the address on the contract matching the address where Plaintiff obtained service.[20] This places the parties' positions at odds, and also serves to highlight certain ambiguities in the affidavit of Mr. Chen. First, the Court is unable to determine from the affidavit what role 3i Corporation, Ltd. played with respect to the chair. To say the company "coordinat[es] sales" as "an administrative office" serving as a "communication services liaison" does not provide sufficient detail to determine what contacts, if any, 3i Corporation, Ltd. had within the State of Kansas. Similarly, merely saying the company did not own or take physical possession of the chair provides little to no meaningful information. Finally, denying it plays a role in or knows where any particular good is distributed after it leaves the Chinese port does not answer whether 3i Corporation, Ltd. is familiar with or promotes distribution efforts of the buyers with whom it does business, including Lowe's Global Sourcing.

Although Defendant asserts in its motion that "3i Corporation did not seek out plaintiff" and "the product entered the forum through the buyer's unilateral act [and] not through the manufacturer's efforts to serve the market,"[21] those assertions are unsupported by Mr. Chen's affidavit or by any other source. And Plaintiff has submitted an affidavit accompanied by an email message from Lowe's counsel which identifies 3i Corporation, Ltd. as the company on the agreement under which Lowe's purchased the chair, showing the same address as the one where Plaintiff obtained service. No clear answer has emerged through the parties' briefing.

---

[20] ECF No. 46-1. The email correspondence is identified by an affidavit from Plaintiff's counsel who was one of the parties to the communication.

[21] ECF No. 28 at 10.

The Court finds Plaintiff would be prejudiced if she were not allowed to conduct discovery on the factual issues related to whether personal jurisdiction exists over 3i Corporation, Ltd. Pertinent facts bearing on the issues are controverted and the Court finds it necessary to require a more satisfactory showing of the facts.[22] Accordingly, limited discovery is justified. Contrary to Defendant's conclusory assertion, Plaintiff's request for limited discovery is not a fishing expedition. At this point, any discovery that will take place will be limited to what the Court permits, thereby insuring no fishing expedition. As Plaintiff explained in seeking information from Lowe's counsel about the various 3i entities, Plaintiff wanted to identify the responsible entity to minimize the expense of foreign service. Plaintiff was justified in relying on the information she received, and her request to conduct only the discovery necessary to resolve the issue demonstrates a practical and efficient approach. Moreover, 3i Corporation, Ltd. does not argue it would be burdened by the limited discovery Plaintiff seeks.

The undersigned Magistrate Judge will recommend that District Judge Crow deny Defendant 3i Corporation, Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction without prejudice, and allow Plaintiff to conduct limited discovery to allow Plaintiff to fully address the issues raised by 3i Corporation, Ltd. If Judge Crow accepts the recommendation, the undersigned Magistrate Judge would set a deadline for the parties to exchange the disclosures required by Fed. R. Civ. P. 26(a)(1) and the documents identified therein,[23] to be followed by a

---

[22] *See Sizova*, 282 F.3d at 1326.

[23] In light of this Motion to Dismiss, the undersigned has not entered an Initial Order Regarding Planning and Scheduling in this case or set a Rule 16 Scheduling Conference. If District Judge Crow accepts the undersigned's recommendation, the deadline for exchange of Rule 26(a)(1) initial disclosures and documents identified therein will apply to all parties.

conference with the undersigned to discuss what if any additional limited discovery directed only to personal jurisdiction is warranted.

## RECOMMENDATIONS

**IT IS THEREFORE RECOMMENDED THAT** the Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 27) filed by Defendant 3i Corporation, Ltd. be denied without prejudice, and that limited discovery regarding the court's personal jurisdiction over Defendant 3i Corporation, Ltd. be permitted.

**IT IS FURTHER RECOMMENDED THAT** Plaintiff's request to conduct limited discovery on the issue of personal jurisdiction be granted. Specifically, the undersigned Magistrate Judge would set a deadline for all parties to exchange the disclosures required by Fed. R. Civ. P. 26(a)(1) and the documents identified therein, to be followed by a conference with the undersigned to discuss what if any additional limited discovery directed only to personal jurisdiction is warranted.

Respectfully submitted.

Dated in Kansas City, Kansas, on this 3rd day of September, 2021.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge